IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MELVIN ABEL,

                                                       ORDER

                Plaintiff,

                                                     16-cv-313-bbc

    v.

MARLENE TUMA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Melvin Abel has filed a complaint against defendant Marlene Tuma, who plaintiff says is part of an entity called Safekeeping Guardianship, Inc. Because plaintiff is proceeding without prepayment of the filing fee, his complaint is subject to screening under 28 U.S.C. § 1915.

      Although it is difficult to understand parts of the complaint, I understand plaintiff to be alleging that he is a recipient of Social Security benefits and that defendant is plaintiff's representative payee. Under 42 U.S.C. § 405(j)(1)(A), the Social Security Administration may send benefits to a representative rather than directly to the recipient if it determines that doing so is in the interest of the recipient. Plaintiff alleges that defendant has abused her control over his benefits in various ways, including by failing to choose an appropriate place for him to live, failing to provide sufficient funds for his living expenses and refusing to show him how the benefits are being spent. Plaintiff also alleges that defendant has

trespassed on his property and restricted his ability to see his family. As relief, plaintiff asks to be made his own payee or for a new payee to be appointed.

I am dismissing plaintiff's complaint because I do not have authority to grant him the relief he seeks. Under 42 U.S.C. § 405(j)(2)(E)(i), a person who is unhappy with the Social Security Administration's decision regarding a payee must first seek relief from the administration. If the administration denies relief, he may then appeal the decision to federal court under 42 U.S.C. § 405(g).

Plaintiff does not allege that he has received a decision from the Social Security Administration. Rather, plaintiff includes a sentence in his complaint that the Social Security office in Rice Lake, Wisconsin "denied [him] the right to get a different payee or even process [his] complaint." If it is true that the administration is refusing to accept his complaint, the remedy is not to bypass the administration. Rather, the remedy would be a writ of mandamus under 28 U.S.C. § 1361 to compel the Social Security Commissioner to consider his request. Burnett v. Bowen, 830 F.2d 731, 738-39 (7th Cir. 1987) (party may bring petition for writ of mandamus to compel commissioner to comply with ministerial duty required by Social Security Act).

If plaintiff wishes to file a petition for a writ of mandamus against the Social Security Commissioner, plaintiff is free to do so. However, the information plaintiff has provided thus far does not show that he is entitled to relief. "A writ of mandamus may issue when the following three elements are present: (1) a clear right in the plaintiff to the relief sought;(2) a plainly defined and peremptory duty on the part of the defendant to do the act

in question;(3) no other adequate remedy available.' Id. at 739.  It is impossible to tell from plaintiff's complaint whether the commissioner has violated a clear duty because plaintiff has not provided any details about the alleged refusal to process his complaint.  In particular, he does not identify (1) whether he complied with all of the Social Security Administration's procedural rules for submitting a request to change the payee; (2) what plaintiff asked the Rice Lake office to do; (3) the reason or reasons the Rice Lake office refused to process his request; (4) what action he took to work with Rice Lake staff to present his request in a way that would allow them to process it.  If plaintiff chooses to file a petition for a writ of mandamus, he should include all of that information.  In addition, he should submit a copy of the complaint or other documents he filed with the Rice Lake office and a copy of any documents that he received in response from the office.

ORDER

IT IS ORDERED that plaintiff Melvin Abel's complaint is DISMISSED WITHOUT PREJUDICE to his refiling it as a petition for a writ of mandamus against Acting Social Security Commissioner Carolyn Colvin.  If plaintiff does not respond by June 30, 2016, I

will direct the clerk of court to close the case.

Entered this 16th day of June, 2016.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge